IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LINDSAY HANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | CV-- |
| ) | |
| ) | |
| LINCOLN FINANCIAL ) | |
| DISTRIBUTORS, ) | JURY DEMAND |
| INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. INTRODUCTION

1. The jurisdiction of this Court is invoked pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009, to correct unlawful employment practices on the basis of sex, sexual harassment and retaliation against Plaintiff Lindsay Hanley (hereinafter "Plaintiff"). This is also an action instituted to secure the protection of and to redress the deprivation of rights secured through the Equal Pay Act of 1963("EPA"), as amended, 29 U.S.C. §206(d) that

1

provides for relief against pay discrimination in employment on the basis of sex to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, to collect back wages due to Plaintiff as a result of such unlawful payments and to correct unlawful employment practices on the basis of sex and retaliation. Plaintiff seeks back-pay (plus interest), liquidated and/or nominal damages, injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and costs and expenses.

## II. <u>JURISDICTION</u>

2. The Court has jurisdiction of the subject of this action pursuant to 28 U.S.C. §§1331, 1343(a)(4), 2201 & 2202 along with jurisdiction of the Equal Pay Act claims pursuant to the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII and by 29 U.S.C. §206(d) providing for injunctive and other relief against equal pay violations.

3. Plaintiff has exhausted all administrative remedies by filing an EEOC charge on September 24, 2015. On September 26, 2016, the EEOC issued Plaintiff a right to sue.

## III. <u>PARTIES</u>

4. Plaintiff, Lindsay Hanley, is a female citizen of the United States, and

a resident of Nashville, Davidson County, Tennessee. At all times relevant to this lawsuit, the Plaintiff was employed with the defendant as an Regional Director.

5. The defendant, Lincoln Financial Distributors, Inc. (hereinafter "Lincoln Financial" or "defendant"), is subject to suit under "Title VII" and the "Equal Pay Act of 1963," as amended. The defendant is a Connecticut corporation registered to and doing business in the State of Tennessee.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff began working for Defendant on or about July 29, 2013, as a Regional Director in the 401(k)/Retirement Plan Division of Defendant.

7. At all times, Plaintiff performed her job satisfactory.

8. On May 15, 2014, Plaintiff attended a sales conference in Denver, Colorado. Her Supervisor and Manager, Jim McCrory also attended this conference along with Peter Sims, a management level employee and supervisor of Plaintiff.

9. On the night of May 15, 2014, Peter Sims made sexually suggestive comments to Plaintiff. Sims attempted to get Plaintiff to come to his hotel room. He physically assaulted her by grabbing her butt. After these incidents, Plaintiff was attempting to go to her room and get away from Sims as she was concerned for her safety, felt threatened and embarrassed by his actions towards her. Sims followed Plaintiff into the elevator while she tried to escape him. Thankfully, another male

3

employee was also in the elevator and got off on the same floor as Plaintiff, so she was able to make it safely to her room.

10. Her manager, Mr. McCrory, was present and witnessed the harassment, but did nothing to stop it and failed to report Mr. Sims to Human Resources.

11. Plaintiff discussed these incidents with Todd Engman, Tim Jenkins, Jason Delucia and Tim Brown.

12. On or about May 21, 2014, Plaintiff contacted Human Resources to complain about the harassment by Mr. Sims and failure to act by Mr. McCrory.

13. After this incident, Mr. Sims and Mr. McCrory began to treat Plaintiff differently. They began to scrutinize her employment and performance and she felt uncomfortable about the situation.

14. Plaintiff was concerned for her safety and felt threatened that she still had to work under the supervision of Mr. Sims and Mr. McCrory.

15. Shortly after the incident, Plaintiff was forced into a surprise meeting with the harasser, Peter Sims, Jim McCrory and an employee from HR. On July 29, 2014, Plaintiff was given a surprise written warning. Prior to this meeting, there had been no discussion of the possibility of a warning or a performance improvement plan.

4

Case 3:16-cv-02735   Document 1   Filed 10/18/16   Page 4 of 13 PageID #: 4

16. Plaintiff was told she would be given a written warning, but no written warning was presented to her at the time of the meeting.

17. Plaintiff believed she was being retaliated against, so she called HR to report the retaliation. HR told her they were not aware she would be issued a written warning.

18. Defendant failed to follow its policies and procedures in issuing this retaliatory discipline to Plaintiff.

19. Plaintiff was not given any progressive discipline in the form of an oral verbal warning prior to this written warning.

20. Male comparators, including Tim Jenkins, have been allowed to work for years while underperforming without being issued a written warning. Furthermore, male comparators, including Mr. Jenkins and others with less experience than Plaintiff were paid a substantially higher base salary than Plaintiff.

21. Plaintiff received the "Formal Written Warning" on July 30, 2014. The Formal Written Warning included sales requirements that were impossible to meet and guaranteed her termination.

22. On August 4, 2014, Plaintiff filed a formal sexual harassment complaint with HR due to the sexual harassment in Denver and the retaliatory actions by her supervisors.

5

Case 3:16-cv-02735   Document 1   Filed 10/18/16   Page 5 of 13 PageID #: 5

23. Plaintiff reported to HR that Peters Sims had a prior history of sexual harassment towards female employees and that she and other employees, including management, were aware of a video of him dancing and groping another women at a work event prior to the harassment of Plaintiff.

24. On November 13, 2014, Defendant terminated Plaintiff's employment.

25. On information and belief, the Defendant paid the Plaintiff (as an an External Wholesaler) and all other females similarly situated to the plaintiff, less than male External Wholesalers for performing jobs of equal skill, responsibility and effort under similar working conditions.

26. The defendant willfully violated the Equal Pay Act by paying the Plaintiff and all other female External Wholesalers unequal wages to those of similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions.

27. The duties and responsibilities of an External Wholesaler at Lincoln Financial are the same and require equal skill, effort and responsibilities under similar working conditions regardless of the geographic location of the employee.

28. Upon information and belief, the Plaintiff and all other similarly situated females have been discriminated against in the form of being paid less compensation and other terms and conditions of employment in violation of the Equal

Pay Act. Such discrimination also adversely affects the wages the Plaintiff and all other similarly situated receive as payment for workers' compensation, disability payments, and other benefits that are determined based on salary, bonus or overall compensation.

## CLAIMS

### V. COUNT I - SEXUAL HARASSMENT

29. Plaintiff adopts and re-alleges Paragraphs 1-28 above as if fully set forth in full herein.

30. The Plaintiff was discriminated against and harassed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

31. The Plaintiff was subjected to harassment on account of her sex and such harassment created a sexually hostile work environment. Plaintiff was forced into an impossible performance improvement plan in retaliation for her complaints about the sexual harassment taken against her. This resulted in her termination.

32. The harassment was at the hands of Plaintiff's own supervisor and was un-welcomed based on sex, and was severe and pervasive so that it affected the terms and conditions of the Plaintiff's employment and Defendant is liable for such harassment.

33. Plaintiff objected to and complained about the harassing conduct; however, Defendant failed to take prompt, effective remedial action.

34. The Defendant did not appropriately handle the complaints of sexual harassment from the Plaintiff.

35. Said harassment resulted in Plaintiff's working conditions to become intolerable.

36. Because of such conduct, the Plaintiff suffered severe emotional distress, mental anguish, embarrassment and humiliation.

37. Defendant acted with malice and/or reckless indifference toward the Plaintiff.

## VI. COUNT II: SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII

38. The Plaintiff re-alleges and incorporates by reference paragraphs 1-37 above with the same force and effect as if fully set out herein below.

39. Plaintiff was harassed and discriminated against by her own supervisors based on her sex. When Plaintiff reported this conduct to her managers and Human Resources, Defendants did nothing to stop the harassment by her own supervisors and forced her to continue to meet in close proximity to both supervisors.

40. Furthermore, said acts of discrimination have affected the Plaintiff's pay, raises, benefits, ability to advance, and right to be free of sexual discrimination,

8

Case 3:16-cv-02735   Document 1   Filed 10/18/16   Page 8 of 13 PageID #: 8

harassment and intimidation, and other terms and conditions of employment. Plaintiff alleges that male employees were not treated in the same manner and treated more favorably.

41. Plaintiff was forced to work for supervisors and managers who either openly expressed a general disdain for females, or by their indifference, approved of the discriminatory treatment of female employees. Male employees did not have to work for supervisors and managers that displayed animus towards them.

## VII. COUNT III: DISPARATE TREATMENT, DISPARATE PAY AND DISCRIMINATION IN COMPENSATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

42. The Plaintiff re-alleges and incorporates by reference paragraphs 1-41 above with the same force and effect as if fully set out herein below.

43. The effect of the Defendant's discrimination as outlined above has been to deprive the Plaintiff of the same right to make and enforce contracts as is enjoyed by similarly-situated male employees in violation of Title VII and the Lilly Ledbetter Fair Pay Act of 2009. This treatment by the Defendant has affected the terms, conditions and enjoyment of Plaintiff's employment.

44. Plaintiff was treated differently than similarly situated male comparators in both performance and in pay. Male comparators who did not complain about sexual harassment were not forced into similar performance improvement plans as

9

Plaintiff. When Plaintiff reported the sexual harassment to her manager, who was aware of and witnessed the harassment, Defendant did nothing to stop the harassment by her other supervisor. She was further forced into working and attending meetings with the harasser.

45. Furthermore, said acts of discrimination and retaliation have affected the Plaintiff's pay, raises, benefits, ability to advance, and right to be free of sexual discrimination, harassment and intimidation, and other terms and conditions of employment. Plaintiff alleges that male employees were not treated in the same manner, were paid better and were treated more favorably than Plaintiff.

46. The unlawful employment practices complained of were intentional, done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

47. The unlawful employment practices complained of were part of a pattern and practice of discrimination against other female employees in the form of pay, promotions and disparate treatment in violation of Title VII.

**VIII.** **COUNT III: RETALIATION IN VIOLATION OF TITLE VII.**

48. The Plaintiff re-alleges and incorporates by reference paragraphs 1-47 above with the same force and effect as if fully set out herein below.

49. Plaintiff raised concerns to both management and Human Resources

about the sexual harassment taken against her. Furthermore, her direct supervisor witnessed the events, yet did nothing to stop it. The harassment was done by Plaintiff's supervisor and a management level employee.

50. Plaintiff opposed the harassment and discrimination taken against her.

51. Because of her complaints, Defendant disciplined her in the form of a written warning that was in effect a constructive discharge that led to her termination.

52. The effect of her complaints is that Defendant deprived Plaintiff of equal employment opportunities as those who did not make similar complaints which led to the adverse action of an unwarranted written warning and her termination.

53. The unlawful employment practices were intentional and done with malice or reckless indifference to Plaintiff's federally protected rights.

## IX. COUNT IV: EQUAL PAY ACT CLAIMS

54. The Plaintiff re-alleges and incorporates by reference paragraphs 1-53 above with the same force and effect as if fully set out herein below.

55. Since at least Plaintiff's hiring date on July 29, 2013, and likely earlier, Defendant has violated the EPC by paying lower wages as base pay to Plaintiff than it paid to male employees in similar positions for substantially equal work, the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

56. As a result of the actions complained of herein, Defendant unlawfully withheld the payment of wages to Plaintiff.

57. The unlawful practices complained of were willful.

58. The unlawful employment practices complained of were part of a pattern and practice of discrimination against other female employees in the form of pay, promotions and disparate treatment in violation of the Equal Pay Act.

## X. **PRAYER FOR RELIEF**

The Plaintiff seeks back-pay (plus interest), liquidated and/or nominal damages, injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and costs and expenses. Plaintiff further seeks any and all other relief allowed by the Court.

Respectfully submitted,

/s/ Joshua D. Wilson
Joshua D. Wilson
(BPR # 031486)
Counsel for the Plaintiff

**OF COUNSEL**:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
5214 Maryland Way, Suite 402
Brentwood, Tennessee 37027
(615) 964-5215
jwilson@wigginschilds.com

THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

12

Case 3:16-cv-02735   Document 1   Filed 10/18/16   Page 12 of 13 PageID #: 12

/s/Joshua D. Wilson
OF COUNSEL

**DEFENDANT'S ADDRESS:**

**Serve by Certified Mail:**
Lincoln Financial
Registered Agent: Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203-1312